UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARCUS ANTHONY HARDMON | CIVIL ACTION NO. 17-1118 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| U.L. COLEMAN, ET AL. | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Now before the Court is a Second Motion to Dismiss for Failure to State a Claim [Record Document 29] filed by Defendant U.L. Coleman Properties, L.L.C. pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Marcus Hardmon has filed an opposition and Defendant has filed a reply. [Record Documents 31 & 32]. For the reasons discussed below, the Motion to Dismiss is **GRANTED in part** and **DENIED in part**.

The motion is **DENIED** as to Plaintiff's race and age discrimination claims. The motion is **GRANTED** as to Plaintiff's religious and sex discrimination claims. Those claims are hereby **DISMISSED WITH PREJUDICE**. The motion is also **GRANTED** as to all of Plaintiff's claims that are not based on workplace discrimination. Those claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff Marcus Hardmon ("Plaintiff"), appearing *pro se*, filed a complaint in this Court using a pre-made form for *pro se* litigants who seek to file workplace discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). Record Document 1, p. 1. The only information provided in the complaint is that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and that the EEOC sent him a right-to-sue letter. *Id.* Plaintiff

also included twenty-four pages of attachments with his complaint. Record Document 1-2. These attachments include a Louisiana Commission on Human Rights intake form (pp. 1–6), several pages of text that appear to be a narrative written by Plaintiff about the incidents of which he complains (pp. 7–15), information from several different websites about legal drugs that can cause a positive drug test for THC (pp. 16–20), and a document entitled "Dismissal and Notice of Rights" from the EEOC stating that it closed its file on this matter and giving Plaintiff the right to sue (pp. 21–24). Plaintiff alleges that he was the maintenance supervisor at Northgate Square Apartments ("Northgate") in Bossier City, Louisiana when his employment was terminated on November 24, 2015, because of "an alleged failed drug test." *Id.* at 1–2, 7. He states that the failed drug test was in error and that he passed a second drug test later that same day. *Id.* at 7.

Plaintiff's main argument appears to be that his termination represents employment discrimination. He is black and claims that a similarly situated white employee, Matthew Thomas ("Thomas"), hit a car with his truck while at work in 2015 and refused to go to "work care"[1] because he knew he would fail the required drug test. *Id.* at 7 & 10. Plaintiff claims that Thomas was initially fired because of this incident but was rehired shortly thereafter. *Id.* at 10. Plaintiff also claims that he was replaced by a younger, white employee after his termination. *Id.* at 15.

Plaintiff had filed his original complaint against U.L. Coleman ("Coleman"), an individual defendant. *See* Record Documents 15, p. 16. However, Plaintiff's EEOC letter granted him the right to file a lawsuit against Northgate. Record Document 1-2, p. 21. Coleman filed a motion to dismiss in response to Plaintiff's original complaint. Record Document 15. The Court granted Coleman's motion on the grounds that Plaintiff had not exhausted his administrative remedies against Coleman

---

[1] From the information Plaintiff provides, it appears that employees are required to go to "work care" and take a drug test after they have an accident on the job. *See* Record Document 1-2, pp. 10, 14, & 15.

as required by Title VII. Record Document 18, p. 7. The Court granted Plaintiff leave to amend his complaint and name a proper party as a defendant. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002)). Plaintiff responded to the Court's instruction by filing an amended complaint naming as defendant U.L. Coleman Properties, L.L.C. ("Defendant"). Record Document 19, p. 1. In response, Defendant filed the instant motion to dismiss. Record Document 29-1, p. 3.

## **LEGAL STANDARD**

In order to survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. The court must accept as true all of the factual allegations in the complaint in determining whether plaintiff has stated a plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). If a complaint cannot meet this standard, it may be dismissed for failure to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678–79. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A dismissal under 12(b)(6) ends the case "at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

**LAW & ANALYSIS**

Defendant moves for the dismissal of Plaintiff's complaint pursuant to Rule 12(b)(6). Record Document 29-1, p. 1. Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a); *see Twombly*, 550 U.S. at 555 (2007). Defendant argues that Plaintiff's complaint should be dismissed because it does not comply with Rule 8(a). *Id.* Defendant alleges that the complaint is so verbose that it cannot identify any specific allegations or formulate proper defenses in response. *Id.* at 3.

In Plaintiff's opposition, his only argument is that Defendant's motion was filed one day after the August 29, 2019, deadline for filing responsive pleadings. Record Document 31, p. 1. Plaintiff claims that Defendant "[l]oses this case on default for not filing on time." *Id.* In reply, Defendant contends that its motion to dismiss was filed one day after the deadline because of a docketing error and that this constitutes excusable neglect that did not prejudice Plaintiff. Record Document 32, p. 1. The Court agrees that Plaintiff was not prejudiced by this delay and will consider Defendant's motion despite the fact that it was filed one day after the deadline.

**I.    Title VII Exhaustion**

The Court will begin by addressing Title VII's exhaustion requirement because it was the basis of the Court's previous ruling. Defendant's motion does not raise Title VII exhaustion as grounds for dismissal, nor does Defendant deny that it was Plaintiff's employer at the time of the alleged events. *See* Record Document 29-1. "[T]he burden of pleading and proving Title VII exhaustion lies with defendants and operates as an affirmative defense." *Hardaway v. Hartford Public Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018). Because the exhaustion requirement is not a pleading requirement incumbent on Plaintiff, the Court cannot dismiss Plaintiff's Title VII claims

sua sponte for failure to exhaust. *Id.*; *see also Fort Bend Cty., Tex. v. Davis*, 193 S. Ct. 1843, 1851 (2019) (holding that Title VII's charge-filing requirement is a procedural rather than a jurisdictional requirement).

Furthermore, although Plaintiff's amended complaint and its attachments do not establish a direct connection between Defendant and Northgate, the party named as Plaintiff's employer in his EEOC right-to-sue letter, some of the documents attached to the amended complaint demonstrate that Plaintiff was employed by Defendant during the time of the alleged events. Record Document 19-1, pp. 9–11. For example, Plaintiff submits a letter from the Louisiana Workers' Compensation Corporation regarding workers' compensation insurance coverage for an accident that occurred on November 20, 2015, and caused injury to Plaintiff's left ring finger. *Id.* at 9. This letter names Defendant as the "Insured" and Plaintiff as the "Injured Employee." *Id.* Meanwhile, Plaintiff listed Northgate as his employer on his Louisiana Commission on Human Rights intake form and the attachments to his complaint describe a work-related injury to his ring finger that occurred on November 20, 2015. Record Document 1-2, pp. 1 & 8. Based on these connections between Northgate and Defendant, and because Defendant challenges Plaintiff's claims on the merits and does not allege that is it not the proper defendant to this suit, the Court finds that Plaintiff may proceed with this Title VII action against Defendant. *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014) (stating that, although a party not named in an EEOC charge may generally not be sued under Title VII, courts "liberally construe Title VII's naming requirement so as to not frustrate claimants with needless procedural roadblocks.").

## II. **Subject Matter Jurisdiction**

The Court now turns to whether Plaintiff's claims may be heard in federal court. Federal courts are courts of limited jurisdiction and may hear only those cases over which they have subject

matter jurisdiction. *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). There are two main types of federal subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. The Court must determine sua sponte whether it has subject matter jurisdiction even when the issue is not raised by the parties and must dismiss any action in which jurisdiction is lacking. *Giannakos*, 762 F.2d at 1297. "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

Plaintiff has not alleged diversity of citizenship between the parties as required by 28 U.S.C. § 1332. Therefore, this case is properly before the Court only if Plaintiff can show that a statutory basis for federal jurisdiction exists, pursuant to § 1331. *Wilson v. Rayford*, 161 F. App'x 425, 426 (5th Cir. 2006) (per curiam) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Both Plaintiff's original and amended complaint reference Title VII and workplace discrimination. Because Title VII is federal law, the Court may exercise federal question jurisdiction over those claims pursuant to § 1331. However, Plaintiff has failed to articulate a basis for federal question jurisdiction as to any of his other claims.[2] Additionally, the Court declines to exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367. Therefore, Defendant's motion to dismiss [Record Document 29] is **GRANTED** as to all of Plaintiff's claims other than those related to Title VII and/or workplace discrimination. Those claims are hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

---

[2] For instance, Plaintiff seeks recovery for injuries sustained on the job and compensation for having to use his own truck when he worked for Defendant. Record Document 31, pp. 1–2.

**III.     Title VII Claims**

In his EEOC paperwork, Plaintiff checked boxes indicating that he was discriminated against because of his race, religion, sex, and age. Record Document 1-2, p. 23. However, he alleges no facts related to sex or religious discrimination. *See* Record Documents 1 & 19. Therefore, Defendant's Motion to Dismiss [Record Document 29] is **GRANTED** as to Plaintiff's claims of sex and religious discrimination. Those claims are hereby **DISMISSED WITH PREJUDICE**. The Court will now evaluate Plaintiff's claims of race and age discrimination.

**A.     Race Discrimination**

Title VII states that it shall be an "unlawful employment practice" for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (2012). Where, as in the instant case, a plaintiff offers only circumstantial evidence of discrimination, the three-step *McDonnell Douglas* framework applies. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under this framework, a plaintiff must assert a prima facie case of discrimination, which, if established, raises a presumption of discrimination. *Id.* "The employer must then produce a legitimate, nondiscriminatory reason for the adverse employment decision." *Id.* Once the employer produces such a reason, the presumption of discrimination dissipates and the plaintiff must prove that the employer's given reason for the termination was pretextual and that he was discriminated against because of his protected status. *Id.* at 219–20.

The *McDonnell Douglas* framework is not a rigid pleading requirement and in order to survive a motion to dismiss, Plaintiff need not plead a prima facie case of discrimination. *Puente v.*

*Ridge*, 324 F. App'x 423, 427 (5th Cir. 2009). However, Plaintiff is not excused from his obligation to "allege facts sufficient to state all the elements of his claims," and therefore the Court may still consider the *McDonnell Douglas* framework at this stage. *Id.* at 428 (internal citations omitted). A prima facie case of race discrimination requires a showing that the plaintiff (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

In this case, the Court finds that Plaintiff has pled enough facts to meet the elements of a prima facie case of race discrimination. As to the first element, Plaintiff is black and is therefore a member of a protected group. *See* Record Document 1-2, p. 1. Second, Plaintiff claims to have been working for Defendant in a maintenance-related capacity since 2006. *Id.* at 2. The Court construes this statement as an allegation that Plaintiff was qualified for his position. Regarding the third element, Plaintiff's allegation that he was terminated from his employment clearly qualifies as an adverse employment action. *Id.* at 7; *see Stone v. La. Dept. of Revenue*, 590 F. App'x 332, 339 (5th Cir. 2014) (per curiam). Finally, Plaintiff's complaint meets the fourth element of a prima facie case in two ways: by alleging that he was replaced by a younger, white employee and by alleging that he was treated less favorably than a similarly-situated white employee. Record Document 1-2, pp. 15. When construing all of Plaintiff's alleged facts as true, as the Court must at the motion to dismiss stage, he has successfully alleged facts that support a prima facie case of race discrimination on two separate grounds. Therefore, Defendant's motion to dismiss [Record Document 29] is **DENIED** as to Plaintiff's claim of race discrimination.

**B.    Age Discrimination**

Plaintiff's age discrimination claim is governed by the Age Discrimination in Employment Act of 1967 ("ADEA"). Under the ADEA, "[i]t shall be unlawful for an employer ... to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Like a race discrimination claim, a claim of age discrimination uses the *McDonnell Douglas* framework when a plaintiff's claim is not based on direct evidence of discrimination. *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 377–78 (5th Cir. 2010). A prima facie case of age discrimination involves similar elements, requiring a plaintiff to show that: "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of his discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Id.* at 378 (quoting *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007)). Plaintiff's age discrimination claim survives the instant motion to dismiss for the same reasons as his race discrimination claim. He alleges that he was a member of a protected class,[3] that he was qualified for the position, that he was terminated, and that he was replaced by a younger employee. Because Plaintiff has alleged a prima facie case of age discrimination, Defendant's motion to dismiss [Record Document 29] is **DENIED** as to that claim.

## **CONCLUSION**

For the reasons discussed below, the Defendant's Motion to Dismiss [Record Document 31] is **GRANTED in part** and **DENIED in part**.

---

[3] Plaintiff lists his birthdate as August 27, 1974, meaning that he was 41 years old when he was terminated in 2015. Record Document 1-2, pp. 1–2. The ADEA protects individuals who are at least 40 years of age. 29 U.S.C. § 631(a).

9

The motion is **DENIED** as to Plaintiff's race and age discrimination claims.

The motion is **GRANTED** as to Plaintiff's claims of religious and sex discrimination. Those claims are **DISMISSED WITH PREJUDICE**.

The motion is also **GRANTED** as to all of Plaintiff's claims that are not based on workplace discrimination. Those claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 31st day of March, 2020.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE