UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARCUS ANTHONY HARDMON | CIVIL ACTION NO. 17-1118 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| U.L. COLEMAN | MAGISTRATE JUDGE HAYES |

### MEMORANDUM RULING

Plaintiff Marcus Hardmon ("Plaintiff"), appearing *pro se*, filed a complaint in this Court using a pre-made form for pro se litigants who seek to file workplace discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). [Record Documents 1 & 19]. Now before the Court is a Motion for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56 [Record Document 48] by Defendant U.L. Coleman Properties, L.L.C. ("Defendant"). Plaintiff has filed an opposition. [Record Document 50]. Defendant has filed a reply. [Record Document 51]. For the reasons discussed below, Defendant's Motion for Summary Judgment is **GRANTED**. Plaintiff's race and age discrimination claims are **DISMISSED WITH PREJUDICE**.

### BACKGROUND

Plaintiff alleges that he was the maintenance supervisor at Northgate Square Apartments ("Northgate") in Bossier City, Louisiana when his employment was terminated after a failed drug test following a workplace injury. Record Document 50, p. 3. It is undisputed that on November 20, 2015, Plaintiff injured his finger when he was unscrewing a sink drainpipe. Record Documents 48-1, ¶ 9 & 50, p. 1. According to Plaintiff, he was then sent to Work Kare for treatment and drug testing as per company policy for a workplace injury. Record Document 50. Further, it is undisputed that he was terminated on November 24, 2015, after the drug test returned a positive result for

1

marijuana.[1] Record Documents 48-1, ¶s 8–14; 48-12; & 19, p. 1. Plaintiff avers that he sought to retake the drug test on the date of his firing because he thought the medication that he was on produced a false positive. Record Document 50, p. 1. Defendant offered to retest the sample he produced on November 20, 2015. Record Documents 48-1, ¶s 15–16 & 50. Plaintiff proceeded to procure a second drug test on a new sample at his own cost. Record Document 50, pp. 4–5. Plaintiff passed the subsequent test, but Defendant rejected the new test because Plaintiff took it four days after the initial test. Record Documents 48-1, ¶s 18–19 & 50, pp. 4–5.

Plaintiff argues that his termination represents employment discrimination. Record Documents 1, 19, & 50. He is black and claims that a similarly situated white employee, Matthew Thomas ("Thomas"), hit a car with his truck while at work in 2013 and refused to go to Work Kare because he knew he would fail the required drug test. Record Document 50, pp. 1 & 3–5. Plaintiff alleges that Thomas walked off the job after the incident and had time to dilute his urine by the time he went to Work Kare. *Id.* at 5. Plaintiff claims that Thomas resigned because of this incident but was rehired shortly thereafter. *Id.* Further, Plaintiff claims that another employee, "Mike," fell off a ladder, but Mike did not have to take a drug test and kept his job. *Id.* at 1. Plaintiff also claims that Mike, who is younger and white, replaced Plaintiff after his termination. Record Document 1-2, p. 15.[2]

Plaintiff had filed his original complaint against U.L. Coleman ("Coleman"), an individual defendant. *See* Record Document 15, p. 16. However, Plaintiff's EEOC letter granted him the right to file a lawsuit against Northgate. Record Document 1-2, pp. 21–23. Coleman filed a motion to

---

[1] In Plaintiff's complaint, he lists November 24, 2015, as the date of termination. Record Document 19, p. 1. Now, he argues that he was terminated on November 23, 2015. Record Document 50, p. 4. The Court finds this contradiction to be immaterial.
[2] However, Plaintiff does not allege that Mike replaced him in his amended complaint or opposition to the Motion for Summary Judgment. *See* Record Documents 19 & 50.

dismiss in response to Plaintiff's original complaint. Record Document 15. The Court granted Coleman's motion on the grounds that Plaintiff had not exhausted his administrative remedies against Coleman as required by Title VII. Record Document 18, p. 7. The Court granted Plaintiff leave to amend his complaint and name a proper party as a defendant. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002)). Plaintiff responded to the Court's instruction by filing an amended complaint naming as defendant U.L. Coleman Properties, L.L.C. Record Document 19, p. 1. In response, Defendant filed a motion to dismiss. Record Document 29-1, p. 3. Defendant's motion to dismiss was granted to all claims but the race and age discrimination claims. Record Document 33. Now, Defendant has filed a motion for summary judgment and seeks dismissal of the remaining claims. Record Document 48.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322–23.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the non-movant must demonstrate that there is, in fact, a genuine issue for trial by going "beyond the pleadings and designat[ing] specific facts" for support. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied

with some metaphysical doubt as to the material facts," by conclusory or unsubstantiated allegations, or by a mere "scintilla of evidence." *Id.* (internal quotation marks and citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1985) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the non-movant is so "weak or tenuous" that it could not support a judgment in the non-movant's favor. *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993).

Additionally, Local Rule 56.1 requires the movant to file a statement of material facts as to which it "contends there is no genuine issue to be tried." The opposing party must then set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." W.D. La. R. 56.2. All material facts set forth in the movant's statement "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." *Id.*

## LAW & ANALYSIS

Plaintiff brings two claims, that of race and age discrimination. The Court will analyze these claims separately.

### I. Race Discrimination Claim

Title VII states that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (2012). Where, as in the instant case, a plaintiff offers only circumstantial evidence of discrimination, the three-step *McDonnell Douglas* framework applies. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219

(5th Cir. 2001); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under this framework, a plaintiff must assert a prima facie case of discrimination, which, if established, raises a presumption of discrimination. *Methodist Hosp. Sys.*, 271 F.3d at 219. "The employer must then produce a legitimate nondiscriminatory reason for the adverse employment decision." *Id.* Once the employer produces such a reason, the presumption of discrimination dissipates and the plaintiff must prove that the employer's given reason for the termination was pretextual and that he was discriminated against because of his protected status. *Id.* at 219–20.

### A. Plaintiff's Prima Facie Case

A prima facie case of race discrimination requires a showing that the plaintiff (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). In this case, it is undisputed that Plaintiff meets the first and third elements because he is a member of a protected class and was fired.

#### 1. Qualified for His Position

The parties, however, dispute whether Plaintiff was qualified for his position. Defendant argues that the failed drug test made Plaintiff unqualified for his position at the time of his firing because he was not in compliance with the company policy on substance abuse. Record Document 48-2, pp. 11–12. Plaintiff claims to have been working for Defendant in a maintenance-related capacity since 2006. Record Document 50, p. 3. The Court construes this statement as an argument that Plaintiff was qualified for his position. Further, Plaintiff contends that the drug test was a false positive because of medication that he was taking. *Id.* at 1. Plaintiff has stated, and Defendant has

5

acknowledged, that he produced a negative test four days after the initial test. Record Documents 48-1, ¶ 18 & 50, p. 1. The Court finds that violating company policy may be a legitimate reason to discharge an employee; however, it does render the employee unqualified for the position as a matter of law. *See Chambers v. Joseph T. Ryerson & Son, Inc.*, No. 3:05-CV-1533-D, 2007 WL 1944346, at *4–5 (N.D. Tex. July 2, 2007) (rejecting that being fired for just cause renders an ex-employee unqualified); *Sandel-Garza v. BBVA Compass Bancshares, Inc.*, No. 5:18-CV-128, 2020 WL 2309828, at *8 (S.D. Tex. May 7, 2020) (finding that a violation of company policy may be a legitimate reason to terminate an employee but does not render him unqualified in the ADA context).[3] Plaintiff has submitted sufficient evidence of his qualifications for the job, including his almost 10 years of experience with Defendant, to satisfy this element of the prima facie case at the summary judgment stage.

### 2. Replacement by Someone Outside of Plaintiff's Protected Class

Defendant asserts that "Plaintiff's inability to identify a similarly situated employee who was treated more favorably dooms his claim that his termination was due to his race." Record Document 48-2, p. 14. However, Plaintiff may meet the fourth element by showing disparate treatment or that he was replaced by somebody outside of his protected class. Defendant concedes

---

[3] Defendant cites to an age and disability discrimination case, *Litts v. Sumner Regional Medical Center, LLC*, No. 3:15-CV-133, 2016 WL 4466632 (M.D. Tenn. Aug. 24, 2016), as evidence that a failed drug test renders an employee unqualified for employment. In *Litts*, a nurse was discharged for failing a drug test. *Id.* at *6. The Court stated that the plaintiff was "not able to establish that she was qualified for her position, given her admission that the Hospital had a zero tolerance policy for drug use on the premises and that she had a positive result on an employee drug screen." *Id.* However, this case is not binding on this Court. Instead, the Court chooses to follow the reasoning in *Chambers* and *Sandel-Garza* because the Texas courts did not merge the qualification element of the prima facie case with the legitimate reason for discharge step. Further, the drug policy of the present Defendant was not a zero-tolerance policy; rather, the language of Defendant's substance abuse policy states that anyone who violates the policy "will be subject to disciplinary action up to and including discharge." Record Document 48-4.

that Plaintiff was replaced by a white employee, and as such, Plaintiff can satisfy the fourth prong by showing that he was replaced by somebody outside of his protected group. Record Document 48-2, p. 13. As a result, Plaintiff has established a prima facie case of race discrimination. The Court will now turn to the next step in the *McDonnell Douglas* framework.

### B. Legitimate, Nondiscriminatory Reason for Termination

Now that Plaintiff has established a prima facie case of discrimination, the Court must determine whether Defendant has produced a legitimate, nondiscriminatory reason for the adverse employment decision. *Methodist Hosp. Sys.*, 271 F.3d at 219. Defendant asserts that the failed drug test is a legitimate, nondiscriminatory reason for Plaintiff's termination. Record Document 48-2, p. 14. Defendant provides evidence in support of this point by including a copy of the drug screening that produced the failed drug test and Defendant's substance abuse policy, which provides that a failed drug test is a terminable offense. Record Documents 48-4 & 48-12. Thus, the Court finds that Defendant has met its burden of production at the summary judgment stage.

### C. Pretext

At this step of the Title VII discrimination analysis, Plaintiff must prove that Defendant's given reason for his termination was pretextual and that he was discriminated against because of his race. *Methodist Hosp. Sys.*, 271 F.3d at 219–20. Since Defendant has produced a legitimate, non-discriminatory reason for discharging Plaintiff, Plaintiff must substantiate his claim of race discrimination through evidence capable of proving that discriminatory animus lay at the heart of the decision to discharge him. *Wallace v. Seton Family of Hosps.*, 777 F. App'x 83, 89 (citing *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002)). Plaintiff can carry his burden by offering substantial evidence capable of proving that he was treated differently than similarly situated employees outside of his protected group or that Defendant's stated reason for his

discharge is false or unworthy of credence. *Id.* (citation omitted). Conclusory statements are not competent evidence to defeat summary judgment at the pretext stage. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007).

        1. <u>Similarly Situated Employees</u>

Plaintiff attempts to show pretext by identifying two comparators who he alleges received preferential treatment. "Employees are similarly situated when they 'held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories.'" *Garcia v. Prof'l Contract Servs., Inc.*, 938 F.3d 236, 244 (5th Cir. 2019) (quoting *Lee v. Ks. City So. Rwy. Co.*, 574 F.3d 253, 259–60 (5th Cir. 2009)). Importantly, the conduct the employer uses to justify the termination must be "nearly identical" to that of the comparable employee who allegedly received a dissimilar employment decision. *Id.*

Plaintiff identifies an employee named Mike as being a comparator. According to Plaintiff, Mike, who is white, fell off a ladder and hurt his knee while at work but was not required to go to Work Kare and take a drug test. Record Document 50, p. 1. Here, Plaintiff attempts to show similarity by showing that a white employee was not sent to Work Kare for a drug test after a workplace injury. However, Plaintiff has produced no evidence showing that Mike suffered a comparable injury to Plaintiff and required immediate medical attention or being sent to Work Kare. Plaintiff has asserted that the injury to his finger was severe and needed—and continues to need—medical attention. Record Document 19, p. 1. Plaintiff's conclusory assertion that Mike hurt his knee is insufficient to defeat summary judgment. As such, Plaintiff has failed to produce evidence showing that Mike is a similarly situated employee.

The other employee that Plaintiff identifies as being a comparator is Matthew Thomas. According to Plaintiff, Thomas, who is white, hit another car while at work. Record Document 50, p. 1. Plaintiff avers that Thomas walked off the premises and had time to clear his urine before later returning to take the drug test, which came back negative dilute. Record Documents 48-13, p. 3 & 50, p. 1. Plaintiff claims that Thomas resigned before his drug test results came back but was rehired not long after.[4] Record Documents 48-13, p. 4 & 50, p. 1.

Here, Plaintiff attempts to show similarity by showing that a white employee received preferential treatment after violating the company's drug policy. However, Plaintiff has failed to show that Thomas engaged in nearly identical conduct as Plaintiff. First, Plaintiff's drug test was positive for marijuana, whereas Thomas's drug test did not produce a positive result for drugs. Accepting a negative test result, even if it is considered diluted, is not nearly identical conduct to being fired for a positive drug test result. *See Methodist Hosp. Sys.*, 271 F.3d at 221 ("[T]he conduct at issue is not nearly identical when the difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the employer."). Second, Plaintiff claims to have suffered a serious physical injury, which required prompt medical attention, whereas Plaintiff has produced no evidence that Thomas suffered a physical injury that would have required immediate medical attention. Third, Thomas resigned after his workplace accident, whereas Plaintiff was terminated after Defendant received Plaintiff's positive drug test. The fact that Thomas was later rehired is immaterial because Plaintiff does not argue that he sought to be rehired. Further, even if Plaintiff sought to be rehired, the difference in

---

[4] The Court notes that there may be possible hearsay issues because Plaintiff appears to be recounting what other people told him about Thomas without attaching sworn testimony from the individuals. *See* Record Document 1-2, pp. 4 & 14. The Court need not resolve this potential issue because the Court finds that Plaintiff's comparison fails on the merits.

drug test results illustrates why Thomas was eligible for rehire but not Plaintiff. Lastly, Plaintiff's allegation that Thomas walked off the premises after the accident could be construed as an allegation that Thomas violated the drug policy by initially refusing to take a drug test or trying to tamper with his specimen. *See* Record Document, 48-4. However, Plaintiff was not disciplined for initially refusing to take a drug test or tampering with his specimen; instead, he was disciplined for testing positive for marijuana. Although the Court stops short of ruling that these alleged violations are incomparable,[5] the Court finds that the alleged different violations coupled with the different drug test results explains why Defendant rehired Thomas, but Plaintiff remained terminated. Therefore, Plaintiff has not demonstrated that he was treated less favorably than a similarly situated white co-worker because he was not terminated for conduct that was nearly identical to that of Mike or Thomas. *See Methodist Hosp. Sys.*, 271 F.3d at 221.

    2.  <u>Falsity and Discriminatory Animus</u>

Plaintiff attempts to show that Defendant's proffered reason is false or unworthy of credence by showing that the drug test was a false positive. In support of this contention, Plaintiff provided a negative drug test result, which he procured four days after taking the first one. Record Document 50, pp. 4–5. However, even if Plaintiff is correct about the first test being a false positive, "a fired employee's actual innocence of his employer's proffered accusation is irrelevant as long as the employer reasonably believed it and acted on it in good faith." *Cervantez v. KMGP Servs. Co. Inc.*, 349 F. App'x 4, 10 (5th Cir.2009) (footnote omitted); *see also Graham v. Long Island R.R.*, 230 F.3d 34, 44 (2d Cir. 2000) ("Reasonable reliance by an employer on a laboratory test, even where misplaced, does not provide any basis for a jury to find pretext.").

---

[5] The Court need not decide whether the differences in infractions are comparable misconduct by themselves.

Here, Plaintiff has produced no evidence showing that Defendant tampered with the results or had any reason to believe that the test results were inaccurate. Further, a neutral third party conducted the drug test. Moreover, Defendant did not violate any procedure in executing its substance abuse policy, which Plaintiff had previously acknowledged and signed. Record Document 48-7. Plaintiff does argue that Defendant discriminatorily enforced its drug testing policy. However, as detailed above, Plaintiff has failed to identify a similarly situated white employee who was not terminated for producing a positive drug test result. To the contrary, Defendant has provided evidence, which Plaintiff did not contest, that Defendant has discharged white employees for failing a drug or alcohol test. Record Document 48-13, ¶ 19. Plaintiff's conclusory allegations are insufficient to defeat summary judgment on this matter. As such, there is no evidence for the Court to conclude that Defendant's reliance on the initial drug test was pretext for racial discrimination.

Even if Plaintiff could show that Defendant's proffered reason was false, Plaintiff still must prove that discrimination was the reason for his termination. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 516–17 (1993) ("But a reason cannot be proved to be a pretext *for discrimination* unless it is shown *both* that the reason was false, *and* that discrimination was the real reason" for the termination.) (emphasis in original) (internal quotes omitted). Stated another way, "[i]t is not enough . . . to *dis* believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination." *Id.* at 519 (emphasis in original). In *Reeves v. Sanderson Plumbing Products, Inc.*, the United States Supreme Court explained that, although a trier of fact may infer that discrimination occurred if an employer's explanation is shown to be false, such a finding is not required. 530 U.S. 133, 147 (2000). The Court stated that there would inevitably be circumstances where "although the plaintiff has established a prima facie case and set forth sufficient evidence to

reject defendant's explanation, no rational factfinder could conclude that the action was discriminatory." *Id.* at 148.

After reviewing the record for evidence that supports Plaintiff's claim of racial discrimination, the Court concludes that this is not a case of discrimination. Aside from disparate treatment, Plaintiff's only other argument as to pretext[6] is that he felt like he was discriminated against at a company-sponsored half-time event during a basketball game.[7] Record Document 19, p. 2. Plaintiff alleges that in 2014 he was selected to participate in some half-time contest that required throwing and catching hot dogs. *Id.* Plaintiff claims that this embarrassed him in front of his family and that one of his supervisors made a sexual remark to him the next day about hot dogs. *Id.* However, Plaintiff offers no evidence that his selection for this event was racially discriminatory. Further, the alleged inappropriate remark is considered a stray remark and not evidence of discrimination because the person who selected him for the event and who made the remark was not responsible for discharging Plaintiff, nor is there any evidence that this person had any influence over the person who made the decision to terminate Plaintiff. *See Ray v. United Parcel Serv.*, 587 F. App'x. 182, 195–96 (5th Cir. 2014).[8]

---

[6] In his opposition, Plaintiff also complains about not being reimbursed for the use of his personal truck at work. Record Document 50, p. 1. The Court declined to exercise supplemental jurisdiction over this claim and dismissed it without prejudice for a lack of subject matter jurisdiction. *See* Record Document 33, p. 6. Plaintiff may attempt to seek relief on his state law claims in another court but not this federal court. To the extent that Plaintiff may be arguing that the failure to reimburse him for the use of his personal truck or the failure to provide company transportation is evidence of racial discrimination, the Court finds that Plaintiff has failed to produce any evidence or argument where the Court could infer racial discrimination from the alleged conduct.

[7] Plaintiff does not mention this event in his opposition. However, the Court will address it for the sake of thoroughness.

[8] Defendant argues for the Court to use the stricter standard for analyzing this remark. The stricter standard is used primarily to prove direct discrimination. *Ray*, 587 F. App'x. at 195. It requires the comment to be "1) related [to the protected class of persons of which the plaintiff is a member]; 2) proximate in time to the [complained-of adverse employment decision]; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at

Based on the above findings, the Court finds that Plaintiff has failed to meet his burden at the pretext stage. To survive summary judgment, Plaintiff must produce sufficient evidence for a reasonable jury to find either that a discriminatory reason more likely motivated Defendant's decision to terminate Plaintiff or that Defendant's explanation for his termination is unworthy of credence. *Taylor v. Seton Brackenridge Hosp.*, 349 F. App'x 874, 878 (5th Cir. 2009) (per curiam) (citing *Reeves*, 530 U.S. at 143). Here, Plaintiff has produced no evidence of racial discrimination. Plaintiff's circumstantial evidence expressing his belief that the initial drug test was a false positive and that Defendant showed favoritism to certain white employees does nothing to show that Defendant's proffered reason for Plaintiff's termination is merely a pretext for discrimination. Further, Plaintiff's subjective belief that he was discriminated against at a company event is insufficient to defeat summary judgment. "[A] subjective belief of discrimination, however genuine, may not be the basis of judicial relief." *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309, 313 (5th Cir. 1999) (internal quotation marks and citation omitted). Because a subjective belief of racial discrimination is all that Plaintiff has been able to establish in this case, Defendant's Motion for Summary Judgment [Record Document 48] is hereby **GRANTED** as to Plaintiff's Title VII race discrimination claim. This claim is hereby **DISMISSED WITH PREJUDICE**.

---

issue." *Id.* at 196 (internal quotation marks and citation omitted). On the other hand, the more-lenient standard applies in cases with other circumstantial evidence of discrimination. *Id.* at 195. The more-lenient standard only requires for the plaintiff to "show (1) discriminatory animus (2) on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decisionmaker." *Id.* The Court need not decide what standard to use in this case because the remark does not satisfy either standard.

## II. Age Discrimination

Plaintiff's age discrimination claim is governed by the Age Discrimination in Employment Act of 1967 ("ADEA"). Under the ADEA, "[i]t shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Like a race discrimination claim, a claim of age discrimination uses the *McDonnell Douglas* framework when a plaintiff's claim is not based on direct evidence of discrimination. *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 377–78 (5th Cir. 2010).

### A. Plaintiff's Prima Facie Case

A prima facie case of age discrimination involves similar elements to race discrimination, requiring a plaintiff to show that: "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Id.* at 378 (quoting *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007)). The parties do not dispute that Plaintiff was discharged and was within a protected class. The parties dispute whether Plaintiff was qualified for his position and replaced by a younger employee.

1. Qualified for His Position

Defendant advances the same argument here as it did for race discrimination. For the reasons detailed in Part I.A.1, the Court rejects Defendant's argument that allegedly failing a drug test rendered him unqualified for the position. Although violating the company's substance abuse policy may be a legitimate reason to terminate an employee, it does not render him unqualified as a matter of law. Plaintiff produced evidence that he has been working for Defendant in a maintenance-related

14

capacity for almost 10 years at the time of his discharge. As such, Plaintiff has met his burden at the summary judgment stage.

### 2. Replacement by Younger Employee

Plaintiff's sole argument as it pertains to age discrimination is that he was replaced by a younger employee. Record Document 1-2, p. 15. In Plaintiff's initial complaint, Plaintiff states that a younger employee named Mike replaced him. *Id.* However, Plaintiff has provided no additional evidence for this assertion. Further, Plaintiff has appeared to of abandoned this argument in his amended complaint and opposition. *See* Record Documents 19 & 50 (making no specific argument as to age discrimination or an employee named Mike replacing him). Defendant has produced contrary evidence showing that Plaintiff was in fact replaced by two older employees. Record Document 48-13, p. 2. Plaintiff cannot create a genuine dispute of material fact by making conclusory allegations. *See Turner*, 476 F.3d at 345. The burden was on Plaintiff to come forward with or to identify in the record competent summary judgment evidence to create a genuine dispute of material fact that he was replaced by somebody younger or was otherwise discharged because of his age. Plaintiff has not done so, and as such, Plaintiff has not established a prima facie case of age discrimination.

### B. Legitimate, Nondiscriminatory Reason for Termination & Pretext

Assuming *arguendo* that Plaintiff could establish a prima facie case of age discrimination, the burden shifts to the Defendant to produce a legitimate, nondiscriminatory reason for his termination. *See Goudeau v. National Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015). Defendant's proffered reason for termination was that Plaintiff failed a drug test after a workplace injury. For the reasons detailed in Part I.B, the Court finds that Defendant has met his burden of production by showing a legitimate, nondiscriminatory reason for termination.

Because Defendant has produced a legitimate, nondiscriminatory reason for termination, the burden shifts back to Plaintiff to "prove that the legitimate reason[] offered by the defendant [was] not its true reason[], but [was] pretext for discrimination." *Id.* at 476 (internal quotation marks and citation omitted). "The ADEA . . . requires a showing of 'but-for' causation." *Id.* at 475 (citation omitted). Plaintiff has produced no evidence of age discrimination to meet this standard. In fact, the Court finds that Plaintiff has abandoned his argument about age discrimination by not making a specific argument regarding it in his amended complaint or opposition. *See Sandel-Garza*, 2020 WL 2309828, at *13.

Even if his claim is not abandoned, Plaintiff has advanced the same pretext argument as his race discrimination claim. For the same reasons outlined in Part I.C, the Court finds that Plaintiff has failed to come forward with any evidence to show that age was the reason for his termination and not the failed drug test. As such, Defendant's Motion for Summary Judgment [Record Document 48] is hereby **GRANTED** as to Plaintiff's age discrimination claim. This claim is hereby **DISMISSED WITH PREJUDICE**.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [Record Document 48] is **GRANTED**. Plaintiff's race and age discrimination claims are hereby **DISMISSED WITH PREJUDICE**.

A judgment consistent with this Memorandum Ruling will be issued herewith.

**THUS DONE AND SIGNED** this 15th day of February, 2021.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE